UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRENTON DAVON FYE,

    Plaintiff,

        v.                              CAUSE NO. 3:25-CV-452-CCB-SJF

ROBINSON, et al.,

    Defendants.

## OPINION AND ORDER

Trenton Davon Fye, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) In accordance with 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Fye is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Fye is incarcerated in the Westville Control Unit ("WCU"), a restrictive housing unit. He claims that inmates in WCU are given nail clippers on the first Monday of the

month to clip their nails. On the first Monday in March 2025, however, the entire unit was on lockdown and no one was given nail clippers. Fye claims that despite making several inquiries, he was unable to get nail clippers during the month of March. He claims his toenails grew long and caused him pain and mental stress. On April 5, 2025, he was in the medical unit and a nurse clipped his toenails, which resolved the problem. Based on these events, he sues eight prison staff members for denying him nail clippers during the month of March 2025, seeking $590,000 in damages and other relief.

In evaluating an Eighth Amendment conditions-of-confinement claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation or condition is serious enough that it resulted in "the denial of the minimal civilized measure of life's necessities." *Id.* "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and "not all prison conditions trigger eighth amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation, and physical safety." *James v. Milwaukee Cty.*, 956 F.2d 696, 699 (7th Cir. 1992). To satisfy the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from

occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

The court cannot plausibly infer that Fye's inability to clip his toenails during the month of March 2025 amounted to cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim."); *Pegues v. Rogers*, No. 3:07-CV-93-PPS, 2007 WL 951896, at *1 (N.D. Ind. Mar. 27, 2007) ("[C]onditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations."). Nor can the court plausibly infer conduct by a defendant that approached "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). Instead, his allegations reflect that he and others in his unit did not get clippers because the unit was on lockdown, and the defendants told him he would have to wait for the next scheduled date to get clippers. At most, they may have been negligent regarding his hygiene needs, which is not enough to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

There is also no indication Fye suffered a physical injury due to this short-term problem. As he describes it, the problem was resolved when a nurse simply cut his nails. He states that the long toenails bothered him "mentally," but "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Fye may also be asserting that he was denied medical care. To state a claim for the denial of this right, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The court cannot plausibly infer that Fye's long toenails amounted to a serious medical need. Fye does not allege that he suffered any complications such as an ingrown toenail or infection, and as stated above, the problem was resolved by a simple nail-clipping. His allegations do not give rise to a plausible Eighth Amendment claim.[1]

Therefore, his complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing this order, he believes he can state a plausible constitutional claim based on this incident, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

---

[1] Fye also invokes the Equal Protection Clause, but his allegations reflect that he was simply required to wait for nail clippers like all other inmates in his unit. The court cannot plausibly infer that this was irrational or otherwise amounted to unlawful discrimination. *See Williams v. Dart*, 967 F.3d 625, 637 (7th Cir. 2020); *Stevens v. Illinois Dept. of Transp.* 210 F.3d 732, 737-738 (7th Cir. 2000). Fye also states that the long toenails bothered him "spiritually" and thus violated his First Amendment right to exercise his religion, but "de minimis burdens" on the free exercise of religion are not actionable. *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999).

For these reasons, the court:

(1) **GRANTS** the plaintiff until **September 25, 2025**, to file an amended complaint; and

(2) **CAUTIONS** him that if he does not file an amended complaint by the deadline, this case is subject to dismissal without further notice pursuant to 28 U.S.C. § 1915A.

SO ORDERED on August 22, 2025.

                                              /s/*Cristal C. Brisco*
                                              CRISTAL C. BRISCO, JUDGE
                                              UNITED STATES DISTRICT COURT